UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>R. SAMUELS, et al.,<br><br>    Defendant. | Case No.: 1:12-cv-01404-AWI-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Jesse Washington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant complaint on August 27, 2012.

## I.

## SCREENING REQUIREMENT

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

1   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
2   (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the
3   deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d
4   1011, 1020-1021 (9th Cir. 2010).
5          Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
6   liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
7   higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
8   screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
9   the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal,
10  556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer
11  possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
12  consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556
13  U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

16         Plaintiff, is an American American-Muslim inmate, who was continuously harassed by
17  correctional officer R. Samuel from October 2010 to January 14, 2011, regarding his personal
18  property, retaliation, discrimination, and sexual harassment.
19         On October 20, 2010, Plaintiff was issued an institutional approved vendor, Walkenhorst's
20  Company, quarter 4 package.  Plaintiff's personal food property items were being intentionally tossed
21  through the property windows onto the ground by Defendant Samuels.
22         Plaintiff then complained to the property room officers, Samuels and Williams, that he
23  intended to file a grievance against them for their misconduct.  Samuels and Williams then
24  immediately closed the property room window and aggressively approached Plaintiff and ordered him
25  to submit to a clothed body search.  Plaintiff complied with Samuels and Williams' orders.  They then
26  forced Plaintiff to re-submit to an additional unclothed body search while making sarcastic sexual
27  remarks regarding Plaintiff's private body parts, and acted with intentional discrimination and sexual
28

harassment towards Plaintiff. Plaintiff, an African American-Muslim inmate, was treated different from other White, Hispanics, or other ethnic group inmates in violation of the Equal Protection Clause.

After Plaintiff was allowed to get dressed, he noticed that one bag of Keebler's soft batch chocolate chip cookies worth $5.79, was missing from his property. Defendant Samuels instructed Plaintiff to contact the Walkenhort's company regarding the missing bag of cookies. Plaintiff wrote a letter to the company, and he received a response on November 3, 2010, instructing Plaintiff to have the property room officers contact the company.

Plaintiff immediately contacted Defendant Samuels on December 14, 2010, and requested his assistance in contacting the Walkenhort company. Samuels reviewed the letter and stated that "he remembered the missing bag of cookies from Plaintiff's quarter 4 package on October 20, 2010, he and Williams issued, and that he would confirm [the] missing cookies with Walkenhort's company at first chance to do so."

After several weeks passed and Plaintiff did not receive any information, he again contacted Defendant Samuels on January 14, 2011, and Samuels informed him that he was not going to contact the Walkenhort company, due to the staff complaint Plaintiff filed against him.

On January 17, 2011, Defendant Samuels harassed Plaintiff by threatening to have Plaintiff's medical chronos rescinded because Plaintiff was playing flag football with several other inmates.

On the evening of January 17, 2011, Defendant Samuels continued to harass Plaintiff by interfering with his emergency medical examination by a Licensed Vocational Nurse (LVN) regarding injuries to his right foot, knees and hips. Plaintiff's cellmate Lawson observed the entire incident.

Defendant Samuels then generated a false CDCR-115 rules violation report charging Plaintiff with threatening Samuels when he left the medical examination. Samuels also alleged that on January 17, 2011, Plaintiff told him that he had non-incarcerated family members that would "take care" of Defendant Samuels.

On February 7, 2011, Plaintiff was summoned to the unit office and interviewed by Lieutenant E. Compogna, Senior Hearing Officer (SHO), regarding the rules violation issued by Defendant Samuels. Plaintiff was found not guilty and the rules violation was dismissed in its entirety.

# III.

# DISCUSSION

### A. Fourth Amendment Unreasonable Search/Equal Protection Clause

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011), *cert. denied*, 131 S.Ct. 2964 (2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34. Factors that must be evaluated are the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Bell, 441 U.S. at 559 (quotations omitted); Byrd, 629 F.3d at 1141; Bull, 595 F.3d at 972; Nunez, 591 F.3d at 1227; Michenfelder, 860 F.2d at 332. A search may be unreasonable in violation of the Fourth Amendment if "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).

Plaintiff alleges that Defendant Samuels unlawful and unauthorized "clothed" body search and accompanying sarcastic sexual remarks violated the Equal Protection Clause because he was not afforded the same treatment as all Whites, Hispanics and other ethnic group inmates.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently

without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

There is no alleged facts to support Plaintiff's claim that he was the subject of an "unclothed" body search based on the fact that he is an American-Muslim inmate in violation of his rights to equal protection of the law. Plaintiff alleges nothing more than the fact that Defendant Samuels subjected him to an unclothed body search in retaliation for voicing his intention to file a staff complaint regarding the handling of his personal property. This falls far short of demonstrating a plausible claim that he was intentionally discriminated against by being searched unclothed because of his race.[1] Plaintiff will be provided the opportunity to amend this claim if he can do so.

**B.      Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

///
///
///

---

[1] Plaintiff is further advised that neither verbal harassment nor the mere making of threats fails to give to a constitutional violation. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under § 1983); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (prison guards' threat of bodily harm failed to state a claim under § 1983).

1.      Filing Inmate Grievance

Plaintiff contends that Defendant Samuels' unlawful actions in failing to address Plaintiff's complaint regarding the lost package of cookies in retaliation for filing an inmate grievance regarding Samuels alleged discrimination, retaliation, and sexual harassment toward Plaintiff.

Plaintiff fails to state a cognizable claim for retaliation by Samuels failure to address Plaintiff's missing bag of cookies with the vendor company.  This is not the type of adverse action that gives rise to a cognizable claim for relief for retaliation.  In other words, it is not likely that such an action would chill an ordinary person from filing another grievance.  In fact, based on the information in Plaintiff's complaint, he filed two subsequent appeals after the appeal (Log No. 10-02146) at issue in this retaliation claim was filed.  (See Compl. at 4(A).)  Therefore, Plaintiff's own allegations demonstrate that his First Amendment rights were not chilled.

2.      Issuance of Ruling Violation Report

Plaintiff contends that Defendant Samuels issued a false rules violation report charging him with making a verbal threat against Samuels in retaliation for having filing complaints against him. Plaintiff indicates that he was found not guilty and the violation was dismissed in its entirety.

Liberally construed Plaintiff's allegations state a cognizable claim for retaliation against Defendant Samuels.  Although the filing of a false report against an inmate is not a per se civil rights violation, an inmate can state a cognizable civil rights claim when he alleges that the false report was in retaliation for the inmate's exercise of his constitutional rights and did not advance legitimate institutional goals.  See Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Hines v. Gomez, 108 F.3d 265, 267-268 (9th Cir. 1997); Newsome v. Norris, 888 F.2d 371, 377 (9th Cir. 1989).  Here, Plaintiff has stated a cognizable claim that Defendant Samuels issued a false rules violation report for Plaintiff having exercised his First Amendment right to file a complaint against him.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Samuels for a First Amendment retaliation claim.  Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants.  The Court will provide Plaintiff with the opportunity to file an

amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force against Defendant Samuels, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded

pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Samuels for retaliation; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 8, 2013**

UNITED STATES MAGISTRATE JUDGE