# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON, | Case No.  1:12-cv-01404-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| R. SAMUELS, | ECF NO. 15 |
| Defendant. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

## I.

## INTRODUCTION

Plaintiff Jesse Washington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on August 27, 2012.  (ECF No. 1.)  The Court screened Plaintiff's original complaint on November 8, 2013.  (ECF No. 13.)  This action now proceeds on Plaintiff's First Amended Complaint filed on November 22, 2013.  (ECF No. 15.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint states some cognizable claims.

/ / /

/ / /

/ / /

1

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while Plaintiff was incarcerated at Kern Valley State Prison in Delano, California ("KVSP").  Plaintiff names R. Samuels

1    (correctional officer) as defendant in this action ("Defendant").

2        Plaintiff alleges that Defendant Samuels harassed Plaintiff.  (First Am. Compl. 5.[1])  In

3    October 2010, Plaintiff received a vendor package that was processed by Samuels at the

4    "Receiving and Release" department.  (First Am. Compl. 5-6.)  Plaintiff's package included food

5    items, which Samuels tossed through the Receiving and Release window and onto the ground.

6    (First Am. Compl. 6.)  Plaintiff complained about Samuels' actions and threatened to file an

7    administrative grievance against Samuels and his co-worker.  (First Am. Compl. 6.)  Samuels

8    and the co-worker then ordered Plaintiff to submit to a clothed body search.  (First Am. Compl.

9    6.)  Samuels then escorted Plaintiff to his cell and subjected Plaintiff to an unclothed body

10   search, while simultaneously making racial and sexual remarks toward Plaintiff.  (First Am.

11   Compl. 6-7.)  Plaintiff alleges that he was discriminated against as an African American Muslim

12   because no other white or Hispanic prisoners were subjected to such searches or harassed.  (First

13   Am. Compl. 7.)

14       Plaintiff was allowed to retrieve his package, but contends that a bag of Keebler's soft

15   batch chocolate chip cookies were missing.  (First Am. Compl. 7-8.)  Samuels told Plaintiff to

16   contact the company that sent the package.  (First Am. Compl. 8.)  After writing a letter to the

17   company, the company instructed Plaintiff to have Samuels contact the company to confirm the

18   issue.  (First Am. Compl. 8.)  Samuels told Plaintiff that he would confirm the issue with the

19   company.  (First Am. Compl. 8-9.)  However, Samuels later told Plaintiff that he "declined" to

20   contact the company.  (First Am. Compl. 9.)  Plaintiff contends that Samuels refused to help

21   Plaintiff with the cookie issue out of retaliation against a grievance Plaintiff filed against

22   Samuels for his harassing conduct.  (First Am. Compl. 9.)

23       On January 17, 2011, Samuels threatened to rescind Plaintiff's medical chrono for a

24   lower bunk and orthopedic shoes after Plaintiff had played a flag football game with other

25   prisoners in the exercise yard.  (First Am. Compl. 9-10.)  Plaintiff also contends that Samuels

26   harassed Plaintiff during a medical examination that same day.  (First Am. Compl. 10.)  Samuels

27

28   [1] Citations to Plaintiff's complaint will refer to the page numbers as electronically docketed rather than the page numbers that appear on the complaint itself.

1   then generated a false Rules Violation Report accusing Plaintiff of threatening to harm him.

2   (First Am. Compl. 11.)

3                                          **IV.**

4                                     **DISCUSSION**

5       **A.      Equal Protection Clause Claim**

6           "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment

7   from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

8   The Equal Protection Clause requires that persons who are similarly situated to be treated alike.

9   City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985);

10  Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace

11  v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir.

12  2008).  An equal protection claim may be established by showing that Defendants intentionally

13  discriminated against Plaintiff based on his membership in a protected class, Hartmann, 707 F.3d

14  at 1123; Furnace, 705 F.3d at 1030; Comm. Concerning Cmty. Improvement v. City of Modesto,

15  583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003);

16  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated

17  individuals were intentionally treated differently without a rational relationship to a legitimate

18  state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct.

19  2146 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy

20  Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of

21  Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

22          Plaintiff fails to allege sufficient facts to support a plausible equal protection claim.

23  Plaintiff does not allege facts that support the conclusion that he was subjected to body searches

24  and harassment because of his race, religion or membership in any other class.  Plaintiff does not

25  allege any facts that suggest why Defendant chose to harass Plaintiff.  It is worth noting that

26  Plaintiff does not allege that other African American or Muslim inmates were harassed by

27  Defendant, which would have supported the inference of an improper race-based on religion-

28  based motive on Defendant's part.  Further, Plaintiff's allegation that white and Hispanic inmates

                                            4

1  were never subjected to clothed or unclothed body searches is implausible.

2       Plaintiff alleges that Defendant subjected Plaintiff to the clothed and unclothed body

3  searches after Plaintiff threatened to file an administrative grievance against Defendant for his

4  mishandling of Plaintiff's quarterly package.  The obvious inference is that Defendant retaliated

5  against Plaintiff for threatening to file a grievance.  There are no facts that support the inference

6  that Defendant took adverse action against Plaintiff because of Plaintiff's race or religion.

7  Plaintiff fails to state any cognizable claims under the Equal Protection Clause.

8       **B.      Retaliation Claims**

9       Plaintiff contends that Defendant retaliated against Plaintiff for exercising his rights

10 under the First Amendment.  Allegations of retaliation against a prisoner's First Amendment

11 rights to speech or to petition the government may support a section 1983 claim.  Silva v. Di

12 Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

13 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

14 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

15 retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action

16 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

17 chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

18 advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

19 2005); Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim

20 v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

21      Plaintiff alleges that Defendant issued Plaintiff a false Rules Violation Report in

22 retaliation against Plaintiff's administrative grievances.  Plaintiff states a cognizable retaliation

23 claim against Defendant.

24      **C.      Dismissal without Leave to Amend**

25      Generally, leave to amend a dismissed complaint should be granted if it appears at all

26 possible that the plaintiff can correct the defects in the complaint.  Lopez v. Smith, 203 F.3d

27 1122, 1130 (9th Cir. 2000).  However, leave to amend may be denied when a plaintiff was

28 previously notified of the deficiencies in his claims but did not cure them.  See Chodos v. West

1   Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

2          Here, Plaintiff was previously informed of the deficiencies in his non-cognizable claims

3   and his First Amended Complaint failed to cure them.  Accordingly, the Court will recommend

4   dismissal of those claims without leave to amend.

5

6                                              **IV.**

7                         **CONCLUSION AND RECOMMENDATION**

8          For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint

9   states a cognizable claim against Defendant R. Samuels for retaliation against Plaintiff's exercise

10  of his rights under the First Amendment.  However, Plaintiff's First Amended Complaint does

11  not state any other cognizable claims.  The Court finds that leave to amend should be denied

12  because Plaintiff's non-cognizable claims cannot be cured by granting further leave to amend.

13         Accordingly, it is HEREBY RECOMMENDED that this action proceed solely on

14  Plaintiff's First Amendment retaliation claim against Defendant R. Samuels and that all other

15  claims be DISMISSED, without leave to amend.

16         These findings and recommendations are submitted to the district judge assigned to this

17  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30)

18  days of service of this recommendation, any party may file written objections to these findings

19  and recommendations with the Court and serve a copy on all parties.  Such a document should be

20  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district

21  judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

22  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 28, 2014**

UNITED STATES MAGISTRATE JUDGE