UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>            Plaintiff,<br><br>     v.<br><br>R. SAMUELS, et al.,<br><br>            Defendant. | Case No.: 1:12-cv-01404-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF Nos. 37, 39] |

Plaintiff Jesse Washington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendant R. Samuels for retaliation in violation of the First Amendment.

On April 24, 2015, Plaintiff filed a motion to compel discovery. Defendant Samuels filed an opposition on May 15, 2015, and Plaintiff filed a reply on May 29, 2015. In accordance with the Court's June 2, 2015, order, Defendant filed a response to Plaintiff's reply on June 17, 2015. (ECF No. 44.)

//

//

//

1

## II.

## DISCUSSION

### A.     Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 29, Discovery and Scheduling Order, ¶5.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    Motion to Compel**

1.    Request for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL

309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

    **a.**    **Plaintiff's Request for Production of Documents No. 2**

"Any and All documentation relevant to Defendant's R. Samuels' Post Job Order from October 20, 2010 thru August 2011, while he was employed as Correctional Officer at Facility 'B', Kern Valley State Prison (KVSP)."

    **b.**    **Defendant Samuels Initial Response:**

Defendant Samuels objects to Request No. 2 on the grounds that it is overbroad, burdensome, and not calculated to lead to the discovery of admissible evidence.  The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or: (2) jeopardize the security of the institution.  Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential.  Cal. Code Regs. tit. 15, § 3370(d).  For these reasons, Defendant Samuels shall not produce documents responsive to this request.

Notwithstanding these objections, and without waiving these objections, Defendant Samuels produces the applicable Post Order in effect for Search and Escort Officers at Kern Valley State Prison during the requested period, bates stamped as AG POS – 5- 7.

### c. Plaintiff's Motion to Compel Further Response

Plaintiff seeks a further response as to Defendant Samuels' Post Job Order for the three days he was assigned to KVSP, Facility B Building No. 7 during the day of incident on January 17, 2011, and his continued assignment on January 24 and 31, 2011.

### d. Defendant's Response

Defendant submits that the request is unduly overbroad, burdensome, and not calculated to lead to the discovery of admissible evidence in that it seeks any and all documentation relevant to Defendant Samuels' Post Job Order for the requested period, which could be interpreted to include documents containing information concerning all policies, procedures, and practices related to the composition and approval of the relevant Post Order, rather than limiting the request to Defendant Samuels' actual Post Order for the requested period, October 20, 2010, through August 2011.

This Request, interpreted broadly, could also be read as seeking documents which raise the issue of confidentiality under Cal. Code Regs. tit., § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal Code. Regs. tit. 15, § 3370(d).

Notwithstanding these objections, Defendant Samuels interpreted Plaintiff's request as seeking the Post Order applicable to his position as Kern Valley State Prison Search and Escort Officer for the period between October 20, 2010, and August, 2011. In response Defendant Samuels provided a redacted copy of this exact document: the Post Order applicable to Kern Valley State Prison Search and Escort Officers during the requested period. (Exhibit A.) As the objections asserted by Samuels are valid, and Samuels submitted a good faith response to this Request for Production of Documents which complied with Plaintiff's request to this Request for Production of Documents, the Court should deny Plaintiff's motion to compel a further response to Request for Production Number 2.

//

### e. Defendant's Supplemental Response

Upon review of Plaintiff's reply, an additional search was made to determine whether there existed any additional or temporary Post Orders applicable to Defendant Samuels for the dates cited in Plaintiff's reply: January 17th, 24th, or 31st, 2011.  As a result of this search, it was determined that on January 24th and 31st, 2011, Defendant Samuels served as a Floor Officer, as opposed to his usual position as Search and Escort Officer.  On June 17, 2015, Defendant Samuels served Plaintiff with a supplemental response to the relevant discovery request which included copies of the Post Orders applicable to those temporary assignments.  (ECF No. 44.)

### f. Ruling

In light of Defendant's initial and supplemental responses, Plaintiff's motion to compel a further response shall be denied.  Defendant initially interpreted Plaintiff's request as seeking the Post Order applicable to Defendant's position as Kern Valley State Prison Search and Escort Officer for the period between October 20, 2010, and August 2011, which Defendants provided.  Upon further review and clarification, Defendant has now provided a supplemental response to Plaintiff's request for the job assignments on January 24th and January 31st, 2011, which includes copies of the Post Orders applicable to those temporary assignments.  Accordingly, Plaintiff's motion to compel a further response shall be DENIED.

IT IS SO ORDERED.

Dated:   **June 18, 2015**

UNITED STATES MAGISTRATE JUDGE