UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>        Plaintiff,<br><br>    v.<br><br>R. SAMUELS,<br><br>        Defendant. | Case No.: 1:12-cv-01404-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INMATE WITNESS GILBERT LAWSON<br><br>[ECF No. 96] |

Plaintiff Jesse Washington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), both parties consented to the jurisdiction of the United States magistrate judge.  (ECF Nos. 36, 82, 84.)

This action is proceeding against Defendant R. Samuels for retaliation in violation of the First Amendment, and is set for jury trial on August 2, 2016.

Currently before the Court is Plaintiff's motion for attendance of incarcerated witnesses at trial, filed April 15, 2016.  (ECF No. 96.)  Defendant did not file an opposition.  Accordingly, pursuant to Local Rule 230(*l*), the motion is deemed submitted for review without oral argument.

**I.**

**DISCUSSION**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation.  Rather, in determining

whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Plaintiff requests the attendance of inmate witness Gilbert Lawson, #F-66049, who is currently incarcerated at Kern Valley State Prison (KVSP).  Plaintiff submits a declaration signed under penalty of perjury and contends that inmate Gilbert Lawson witnessed the entire incident involving Plaintiff's retaliation claim against Defendant Samuels on January 17, 2011, at KVSP.  Plaintiff submits inmate Lawson is competent to testify to all the alleged facts pertaining to Plaintiff's account and has firsthand knowledge as his prior cellmate of the facts relevant to his claim.  Plaintiff specifically declares:

> That on January 17, 2011, while Plaintiff and witness (I/M Lawson #F-66049 did share a cell, living quarter Facility "B" Building #7, cell 109 (FBB#7-109), Plaintiff wa[s] summoned to the unit Medical Office due to injuries Plaintiff had sustained to his foot, knee, hip, and arm on the rightside of body.
>
> Due to Plaintiff's several spra[i]ned right ankle, witness (I/M) Lawson had to assisted [sic] the Plaintiff with walking to the unit medical office, Plaintiff's arm around his shoulder.
>
> Neither Plaintiff nor (I/M) Lawson #F-66049 were in any kinds or forms of restraints [sic], nor was there any staff assisting with the efforts of Plaintiff and (I/M) Lawson #F-66049.
>
> That (I/M) Lawson #F-66049 did not witnessed Plaintiff make threats against Defendant Samuels person nor any other staff on the evening of January 17, 2011.
>
> Further that (I/M) Lawson #F-66049 did witnessed Defendant Samuels harassed the Plaintiff during the medical interview with Registered Nurse (RN), statement Plaintiff made to Defendant Samuels regarding the harassment of Plaintiff by requesting a CDCR-602 Appeal Form while Plaintiff passed his enroute to living quarter, cell 109.

Upon Plaintiff and (I/M) Lawson #F-66049 returned and secured into cell 109, shortly thereafter, the cell door 109 re-opened and Defendant Samuels instructed Plaintiff not (I/M) Lawson #F-66049 to come retrieve the 602 Appeal Form.  Plaintiff then told (I/M) Lawson #F-66049 to come retrieve the 602 Appeal Form.  Plaintiff then told (I/M) Lawson #F-66049 to shut the cell door because Defendant Samuels was trying to set up Plaintiff.

(ECF No. 96, Pl. Decl. ¶¶ 4-9.)

The Court is satisfied that the statement provided by Plaintiff that inmate Lawson witnessed the incident at issue.  The Court has no information before it that inmate Lawson would pose any exceptional security risk, or that transport and security are unduly burdensome, and inmate Lawson is currently incarcerated at KVSP.  Accordingly, the Court will grant Plaintiff's motion for the attendance of incarcerated witness Gilbert Lawson.  Plaintiff is advised that the Court will issue a Writ of Habeas Corpus Ad Testificandum for Plaintiff's attendance at the trial in due course, and a motion for such order is not necessary.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmate witness Gilbert Lawson is GRANTED; and

2. The Court will issue the necessary transportation orders for Plaintiff and inmate Lawson in due course.

IT IS SO ORDERED.

Dated:   **May 16, 2016**

UNITED STATES MAGISTRATE JUDGE

3