UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>R. SAMUELS,<br><br>    Defendant. | Case No.: 1:12-cv-01404-SAB (PC)<br><br>ORDER REGARDING PARTIES' MOTIONS IN LIMINE<br><br>[ECF Nos. 105 & 106] |

Plaintiff Jesse Washington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendant Samuels for retaliation in violation of the First Amendment.

The matter is set for jury trial before the undersigned on August 2, 2016, at 8:30 a.m.

On June 24, 2016, Defendant filed motions in limine. (ECF No. 105. Plaintiff filed an opposition on July 5, 2016. (ECF No. 107.)

On June 30, 2016, Plaintiff filed motions in limine. (ECF No. 106.) Defendant filed an opposition on July 8, 2016. (ECF No. 110.) Plaintiff filed a reply on July 22, 2016. (ECF No. 113.)

On July 22, 2016, the Court held a telephonic motions in limine hearing, and counsel Monica Anderson and Michelle Mayer appeared on behalf of Defendant Samuels and Plaintiff appeared pro se.

## II.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## III.

## MOTIONS IN LIMINE

**A.     Plaintiff's Motions in Limine**

Plaintiff objects to Defendant's percipient witnesses: Sergeant Nuckles, Officer Spurgeon, Lieutenant Sandoval, Officer Williams, RN Camia, RN Suniga, and expert witness, William Adams. Plaintiff objects the percipient witnesses because Defendant has failed to offer any statements as to what these witnesses will testify to, and Plaintiff contends these witnesses have no actual personal knowledge of any relevant facts.

Plaintiff's motion must be denied. As an initial matter, there is no requirement under the law that Defendant proffer a statement as to what each percipient witness will testify to. Plaintiff was only required to proffer a statement of each witness who is incarcerated in state custody because of the need for transportation.

1.     Sergeant Nuckles

Plaintiff attempts to exclude testimony from percipient witness Sergeant Nuckles, contending that because the Court indicated in its ruling on Defendant's motion for summary judgment that Sergeant Nuckles' review and subsequent submission for a hearing of the Rules Violation Report

2

(RVR) Defendant issued to Plaintiff was not enough to overcome the fact that Defendant May have independently issued the RVR in retaliation.

Contrary to Plaintiff's claim, the Court's finding about this particular fact establishes that there is a material dispute, which is subject to determination by a jury.

**Ruling:** Plaintiff's motion in limine is DENIED.  Plaintiff may cross-examine Nuckles as to his credibility and his testimony about his perceptions regarding the issuance of the RVR, and make any relevance objections at trial, but Plaintiff is not entitled to an order limiting such testimony in advance.  Fed. R. Evid. 401, 402.

2.      Correctional Officer Spurgeon

Plaintiff seeks to exclude testimony from Correctional Officer Spurgeon, contending that he was not mentioned in the RVR Defendant issued Plaintiff, nor was he present at the RVR hearing. However, Defendant submits that Spurgeon was the Control Booth Operator on the day Plaintiff went to the Clinic and threatened Samuels.

**Ruling:** Plaintiff's motion in limine is DENIED.  Based on Defendant's representation of the testimony to be presented by Spurgeon, he is entitled to testify as to anything he observed on the day Plaintiff went to the clinic.  Plaintiff may cross-examine Spurgeon as to his credibility and ability to observe what he testifies to, or make any relevance objections at trial, but he is not entitled to an order limiting his testimony in advance.

3.      Correctional Lieutenant Sandoval

Plaintiff seeks to exclude the testimony from Correctional Lieutenant Sandoval who was the First Level Reviewer of Plaintiff's 602 inmate grievance against Officer Williams.

Defendant submits that Sandoval has relevant information regarding Defendant's involvement in Plaintiff's appeal against Officer Williams and he is entitled to testify as to that information.

**Ruling:** Plaintiff's motion in limine is DENIED.  Plaintiff may cross-examine Sandoval as to his credibility and ability to observe what he testifies to, or make any relevance objections at trial, but he is not entitled to an order limiting his testimony in advance.

///

///

3

4. <u>Correctional Officer Williams</u>

Plaintiff seeks to exclude testimony from Correctional Officer Williams, who was Defendant's partner on the day of the incident that caused Plaintiff to file a 602 inmate grievance against Officer Williams which is the basis for Plaintiff's retaliation claim against Defendant Samuels.

Defendant submits that Officer Williams has relevant information regarding Defendant's involvement in the October 20, 2010, incident leading to Plaintiff's 602 grievance and Defendant's involvement in the ensuing grievance process.

**Ruling:** Plaintiff's motion in limine is DENIED.  Plaintiff may cross-examine Williams as to his credibility, observations, and knowledge about the October 20, 2010 incident and the 602 grievance process, and make any relevance objections at trial, but he is not entitled to an order limiting Williams' testimony in advance.

5. <u>Registered Nurses Camia and Suniga</u>

Plaintiff seeks to exclude testimony from Registered Nurses (RN) Camia and RN Suniga contending they have no direct involvement in the January 17, 2011, incident between Plaintiff and Defendant Samuels.

Defendant submits that RNs Camia and Suniga have relevant information regarding the January 17, 2011 incident.  Specifically, Camia is the nurse who first evaluated Plaintiff for injuries on January 17, 2011, and conferred with RN Suniga about what she found.

**Ruling:** Plaintiff's motion in limine is DENIED.  Plaintiff may cross-examine them as to their credibility and ability to observe what they testify to, but he is not entitled to an order limiting their testimony in advance.

**B.     Objection to Expert Witness Will Adams**

On May 26, 2016, Plaintiff filed objections to Defendant's disclosure of expert witness, Will Adams.  (ECF No. 100.)  Plaintiff also sought to exclude Adams' testimony by way of motion in limine filed on June 30, 2016.  (ECF No. 106.)  The Court construes Plaintiff's request as a motion in limine to exclude the testimony of expert witness, Will Adams.

Plaintiff seeks to exclude testimony from Defendant's expert witness, Will Adams, contending that the "Court has already discredited the intended testimony of this defense witness."  (ECF No. 100

at 1:23-24.)  Plaintiff is referencing the Court's Findings and Recommendations regarding Defendant's motion for summary judgment and Defendant's issuance of Plaintiff's RVR.  However, contrary to Plaintiff's claim, the Court has not "discredited" the "intended" testimony of expert Adams; rather, the Court merely found there is a dispute of material fact to be determined by a jury.  As set forth in expert Adams' report, he is prepared to testify regarding matters in addition to Defendant's issuance of Plaintiff's RVR.  Plaintiff may cross-examine Adams about his expert opinions, but he is not entitled to an order limiting his testimony in advance.

**Ruling:**  Plaintiff's motion in limine is DENIED, as Adams' testimony is permissible under Federal Rules of Evidence 402, 702, 703, and 704(a).  Plaintiff may cross-examine witness Adams at trial, if called as a witness.

**C.    Defendant's Motions in Limine**

Defendant Samuels seeks to preclude Plaintiff from introducing evidence or eliciting testimony regarding: (1) Defendant's responses to discovery requests; (2) Plaintiff's deposition transcript; (3) Plaintiff's reference to the Perez v. Gates case in determining compensatory and/or punitive damages; (4) offers to compromise; and (5) the California Department of Corrections and Rehabilitation's (CDCR) obligation to indemnify Defendant for any monetary award in the event of an adverse judgment.  Defendant also moves to permit him to introduce evidence of Plaintiff's and any inmate-witness' felony conviction and sentence for impeachment purposes.  The Court will address each request separately.

1.    <u>Introduction of Defendant's Reponses to Plaintiff's Discovery Requests</u>

Defendant objects to Plaintiff's attempt to use all of Defendant's written responses, objections, and attachments to Plaintiff's interrogatories, request for admissions and request for production of documents as irrelevant.

Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence that is not relevant is inadmissible.  Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Rule 403 provides that relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or needless presentation of cumulative evidence in the discretion of the Court.

In response, Plaintiff contends that he will attempt to present the discovery requests and responses to prove that Defendant wrote the rules violation report in retaliation to filing previous staff complaints.  Plaintiff contends Defendant's discovery responses are the very center of facts and should be allowed into trial as relevant.

**Ruling:**  The Court reserves ruling on Defendant's motion as the Court cannot determine, at this juncture, the relevance of any discovery responses.

2. Introduction of Plaintiff's Deposition Transcript

Plaintiff has listed his deposition transcript as an exhibit, and Defendant objects to admission of such transcript as hearsay.  Fed. R. Evid. 801, 802.

In response, Plaintiff contends his deposition transcript is relevant because he does not intend to testify at trial which falls within the exception to the hearsay rule.

**Ruling:**  Defendant's motion in limine is GRANTED.   Plaintiff may not simply admit his deposition transcript as evidence at trial, in lieu of his actual testimony.

3. Reference to the Perez v. Gates, et.al. Case for Determination of Compensatory and/or Punitive Damages

Defendant objects to Plaintiff's intent to reference the jury award in the separate and unrelated Civil Rights First Amendment retaliation case, Perez v. Gates, et.al., N.D. Cal. No. 3:13-cv-05359-VC.  Plaintiff submits "[t]his civil case is in the same Circuit as the case herein, similarities of the Perez case is on point with the Plaintiff's soughted [sic] relief in both compensatory and punitive damages."  (Opp'n 3:2-23, ECF No. 107.)   Plaintiff is asking for a similar jury award as was requested in Perez.

**Ruling:**  Defendant's motion in limine is GRANTED, as the ruling and resulting jury award in the Perez case are irrelevant and inadmissible at Plaintiff's jury trial.  Fed. R. Evid. 401, 402, 403.

4. Evidence or Testimony of Offers to Compromise

Defendant moves to preclude Plaintiff from offering or eliciting testimony or mentioning in front of the jury any offers to compromise or statements made during settlement negotiations.

Defendant submits that the parties engaged in informal settlement discussions, attending a settlement conference, and exchanged correspondence with demands or offers. During the course of their negotiations, the parties also made statements about the merits of the case. The only reason Plaintiff would have to mention any settlement offer or negotiations is to argue that Defendant is liable because they expressed a willingness to settle this case.

Federal Rule of Evidence 408 provides that evidence of offers to compromise and conduct or statements made during settlement negotiations are inadmissible to prove liability or amount of a claim, or to impeach a prior inconsistent statement.

Plaintiff states that he has no objection to exclusion of any information or offers to compromise.

**Ruling:** Defendants' motion in limine is GRANTED to the extent Plaintiff may attempt to present evidence or testimony of any offer by Defendant to settle the case or any statements made by counsel regarding the merits and/or value of the case.

5.   Introduction of Evidence Regarding Reimbursement by the State

Defense counsel seeks to exclude Plaintiff from presenting or eliciting testimony that Defendant will be indemnified by the State if judgment is rendered against them under Rule 411 of the Federal Rules of Evidence. Defendant submits this evidence is both irrelevant and prejudicial. Jamison v. A.M. Byers Co., 330 F.2d 657, 661-662 (3d Cir. 1964). The evidence is prejudicial because a jury is more inclined to find a verdict against a defendant if it believes that he is indemnified than would be the case if it were understood that the defendant alone would be required to satisfy the judgment. Langley v. Turner's Express, Inc., 375 F.2d 296, 297 (4th Cir. 1967).

**Ruling:** Defendant's motion in limine is GRANTED, as information regarding whether the State or CDCR would pay a verdict or reimburse Defendant for any compensatory damage award, if any, is not relevant to Plaintiff's claim of retaliation. Fed. R. Evid. 401.

6.   Admission of Plaintiff and Inmate-Witness' Felony Convictions

Defendant seeks to elicit testimony about the date and length of Plaintiff's and inmate witness Lawson's incarceration. Defendant does not seek to introduce evidence of facts of the specific crimes. Defendant submits that Plaintiff and any inmate witness have no incentive to tell the truth, and they

will suffer little or no consequence if they perjure themselves at trial since they are already in prison. On the other hand, Defendant will suffer severe civil or criminal penalties if they commit perjury. Defendant argues that witness credibility will be the central issue for the jury to decide at trial based on the parties' different accounts of the events on January 17, 2011.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness.  Fed. R. Evid. 609(a)(1)(A).  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or release from confinement from it, which is later.  Fed. R. Evid. 609(b).

**Ruling:**  Defendant's motion is GRANTED, subject to the exceptions of Federal Rules of Evidence 609(b), (c), (d), and (e).  However, Defendant is limited to referencing only the fact that Plaintiff and inmate witness Lawson have suffered prior felony convictions and the length of his sentences.  Defendant may elicit testimony about the length of the incarceration to contend that they have no incentive to tell the truth.  The jury is entitled to hear such evidence to determine the trustworthiness and veracity.  Fed. R. Evid. 403, 609(b).

IT IS SO ORDERED.

Dated:   **July 22, 2016**

UNITED STATES MAGISTRATE JUDGE